IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN MATHIAS, individually, and       )       2:09-cv-03434-GEB-JFM
on behalf of other members of         )
the general public similarly          )
situated,                             )       ORDER RECONSIDERING AND
                                      )       GRANTING ATTORNEY WILLIAM F.
              Plaintiff,              )       WRIGHT'S MOTION TO WITHDRAW
                                      )       AS COUNSEL; STRIKING
        v.                            )       DEFENDANT'S ANSWER; AND
                                      )       DEEMING PLAINTIFF'S CLASS
SMOKING EVERYWHERE, INC., a           )       CERTIFICATION MOTION
Florida Corporation,                  )       WITHDRAWN
                                      )
              Defendant.              )
_____      )

On June 27, 2011, Plaintiff filed a "Motion for Class Certification," which is scheduled to be heard on July 25, 2011. This motion includes a proposed order obligating "[t]he parties [to] meet and confer as to the content of class notice, and [to] . . . propose[ a] class notice and any necessary complementary documents." (Proposed Class Certification Order 2:10-12.) Corporate Defendant Smoking Everywhere, Inc. has failed to respond to the motion, notwithstanding its obligation under Local Rule 230(c) to have filed a response no later than July 11, 2011. Local Rule 230(c) prescribes:

Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if

1

1         opposition to the motion has not been timely filed
        by that party.

2

3        In light of this failure, and Plaintiff's expectation that the

4 parties will eventually "meet and confer as to the content of class

5 notice[,]" the Court reviewed certain docket entries to determine

6 whether the referenced meeting has a likelihood of occurring. That

7 review reveals the following erroneous ruling was filed on May 9, 2011,

8 which denied Defendant's counsel's previously filed motion to be

9 relieved as counsel for Defendant:

10         William F. Wright moves to withdraw as counsel
        of record for Defendant, which is a corporate

11         entity. However, Mr. Wright has not indicated that
        he has informed Defendant that it may only appear

12         in these matters if it is represented by an
        attorney, or of the consequences Defendant faces if

13         it is not represented by an attorney. Accordingly,
        Mr. Wright has not shown that he has 'taken

14         reasonable steps to avoid reasonably foreseeable
        prejudice to the rights of [his] client,' which is

15         required before an attorney may withdraw from
        representation. Cal. R. Prof. Conduct 3-700(A)(2).

16         Therefore, Mr. Wright's motion to withdraw is
        denied.

17

18 (Order 1:23-2:6, May 9, 2011.)

19        This May 9, 2011 Order is reconsidered sua sponte since Mr.

20 Wright supports his motion with a declaration in which he avers:

21 Defendant had not signed and returned a retainer agreement; Mr. Wright

22 has worked on this matter without payment since January of 2010;

23 Defendant's president told Mr. Wright that Defendant is "out of business

24 and has no assets[;]" and "Defendant's insolvency makes it impossible

25 for [Mr. Wright] to defend without suffering financial loss." (Decl. of

26 William F. Wright ¶¶ 4-6, 8, Mar. 18, 2011.) In light of the averment

27 that Defendant is out of business, it is patently clear that Mr. Wright

28 is unable to communicate with his client.

1    In this district, "an attorney who has appeared may not
2  withdraw leaving the client in propria persona without leave of court
3  upon noticed motion . . . . Withdrawal as attorney is governed by the
4  Rules of Professional Conduct of the State Bar of California, and the
5  attorney shall conform to the requirements of those Rules." E.D. Cal. R.
6  182(d). California's professional conduct rules permit withdrawal if the
7  client's "conduct renders it unreasonably difficult for [counsel] to
8  carry out the employment effectively." Cal. R. Prof. Conduct
9  3-700(C)(1)(d). Withdrawal also is permitted where a client "breaches an
10  agreement or obligation to [counsel] as to expenses or fees." Id.
11  3-700(C)(1)(f). Mr. Wright's averments evince the following: Defendant
12  has not signed a retainer agreement; Mr. Wright has worked on this case
13  without payment since January of 2010; Defendant's president told Mr.
14  Wright that Defendant is out of business and has no assets; and,
15  Defendant's insolvency makes it impossible for Mr. Wright to represent
16  Defendant without suffering financial loss. These averments make it
17  manifestly clear that Mr. Wright's withdrawal motion should have been
18  granted; therefore, that motion is granted, and Mr. Wright is no longer
19  counsel for Defendant.

20    "A corporation may appear in federal court only through
21  licensed counsel." United States v. High Country Broad. Co., Inc., 3
22  F.3d 1244, 1245 (9th Cir. 1993); see also E.D. Cal. R. 183(a) ("A
23  corporation or other entity may appear only by an attorney."). "When a
24  corporation [does not have an attorney] to represent it in an action,
25  its answer may be stricken . . . ." Rojas v. Hawgs Seafood Bar, Inc.,
26  No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009).
27  Therefore, Defendant's Answer filed on January 26, 2010 (ECF No. 12) is
28  stricken.

1    Because of the above rulings, and the provision in Plaintiff's
2    proposed order which contemplates that Plaintiff will meet and confer
3    with a corporation that Mr. Wright avers is defunct, Plaintiff has not
4    shown it can proceed before the undersigned judge with its class
5    certification motion. Therefore, Plaintiff's pending class certification
6    motion filed on June 27, 2011 is deemed withdrawn without prejudice to
7    being re-noticed before the United States Magistrate Judge to whom this
8    case is referred under Local Rule 302(c)(21), assuming the motion is
9    viable under the circumstances. E.D. Cal. R. 302(c)(21) (prescribing
10   that "all actions in which all the plaintiffs or defendants are . . . in
11   propria persona" are referred to assigned magistrate judge). Therefore,
12   the hearing on the class certification motion currently scheduled for
13   July 25, 2011 is vacated.

14           Lastly, Defendant's last known address is:

15           Smoking Everywhere, Inc.
             5600 NW 102nd Avenue, Suite A
16           Sunrise, FL 33351

17

18   Dated:  July 21, 2011

19
                                    _____
20                                  GARLAND E. BURRELL, JR.
                                    United States District Judge
21

22

23

24

25

26

27

28

                                    4