IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RYAN MATHIAS, individually and on behalf of other members of the general public similarly situated, | ) ) ) ) | 2:09-cv-03434-GEB-JFM |
| Plaintiff, | ) ) | ORDER CERTIFYING CLASS[*] |
| v. | ) ) | |
| SMOKING EVERYWHERE, INC., a Florida Corporation, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | | |

Plaintiff moves for certification of the following class under Rule 23 of the Federal Rules of Civil Procedure[2]: "All California residents who purchased any of Smoking Everywhere, Inc.'s electronic cigarette products within four years prior to [when] the . . . complaint [was filed in this case] until the date of certification." (Mot. for Class Certification ("Mot."), 5:23-25, Sept. 13, 2011; 1st Am. Compl. ("FAC"), ¶ 9.) Plaintiff argues he has satisfied the class certification prerequisites in Rule 23(a) and Rule 23(b)(3).

---

[*]    This matter is deemed suitable for decision without oral argument, since the motion is unopposed and the corporate defendant is without counsel and therefore its answer has been stricken. E.D. Cal. R. 230(g).

[2]    Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

1    Plaintiff alleges in his First Amended Complaint that
2    Defendant misrepresented that electronic cigarettes are a safe
3    alternative to traditional cigarettes, despite independent testing that
4    revealed the presence of toxins and known carcinogens. (FAC, ¶¶ 14-19,
5    21-27.) Plaintiff alleges he and other California residents purchased
6    electronic cigarettes in reliance on Defendant's false advertising and
7    suffered damages as a result. (FAC, ¶ 29.) Plaintiff alleges that when
8    Defendant made these misrepresentations, it violated the California
9    Consumer Legal Remedies Act ("CLRA") prescribed in California Civil Code
10   section 1750 et seq., and the California Unfair Business Practices Act
11   ("UCL") prescribed in California Business and Professions Code section
12   17200 et seq.

13    "A district court may certify a class
14    only if: (1) the class is so numerous that joinder
      of all members is impracticable; (2) there are
15    questions of law and fact common to the class; (3)
      the claims or defenses of the representative
16    parties are typical of the claims or defenses of
      the class; and (4) the representative parties will
17    fairly and adequately protect the interests of the
      class.

18    "The district court must also find that
      at least one of the following three conditions are
19    satisfied: (1) the prosecution of separate actions
      would create a risk of: (a) inconsistent or varying
20    adjudications or (b) individual adjudications
      dispositive of the interests of other members not a
21    party to those adjudications; (2) the party
      opposing the class has acted or refused to act on
22    grounds generally applicable to the class; or (3)
      the questions of law or fact common to the members
23    of the class predominate over any questions
      affecting only individual members, and a class
24    action is superior to other available methods for
      the fair and efficient adjudication of the
25    controversy."

26   Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1176 (9th Cir. 2007) (internal
27   quotation marks and citations omitted), overruled on other grounds by
28   Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

1    Plaintiff argues that the numerosity requirement is satisfied
2    based on his estimate that Defendant sold up to 300,000 electronic
3    cigarette basic starter kits nationwide in 2009, which retail for $49.99
4    per kit. (Mot. 7:3-9; Medby Dec., ¶ 4.) Plaintiff contends this estimate
5    is based on Defendant's total sales of almost $15,000,000.00 in 2009,
6    which is shown in Defendant's balance sheets produced during discovery.
7    (Mot., 7:3-9; Medby Dec., Ex. 1.) Plaintiff reasons that if California
8    residents comprise only one percent of those sales, the plaintiff class
9    includes 3,000 members. (Mot., 7:6-8.) Since Plaintiff spent $250.00 for
10   his initial purchase of the device, other putative class members may
11   have spent the same amount, which would render Plaintiff's numerosity
12   estimate based on the product price of $49.99 too high. (FAC, ¶ 34.)
13   However, even if all other putative class members who purchased the
14   product in 2009 spent $250.00, Plaintiff's calculations support the
15   inference that the class contains at least 600 individuals.
16   "[Plaintiff's] allegations plainly suffice to meet the numerosity
17   requirement of Rule 23." Schwartz, 108 F.R.D. at 282.

18   Plaintiff argues the commonality factor is satisfied since the
19   class members' claims "depend upon a common contention" that they relied
20   on Defendant's false representations that its electronic cigarettes do
21   not contain toxins or carcinogens. The class members' individual claims
22   "must depend upon a common contention" such that "determination of [the
23   common contention's] truth or falsity will resolve an issue that is
24   central to the validity of each one of the claims in one stroke." Wal-
25   Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

26   Plaintiff also argues resolution of the following common
27   issues is involved with determining the validity of each class member's
28   claims: (1) whether Defendant's advertising and website represented that

3

electronic cigarettes are a safe alternative to traditional cigarettes since they do not contain toxins or known carcinogens; (2) whether that representation was material to each class member's decision to purchase Defendant's products; (3) whether the representation was truthful; and (4) damages. These alleged misrepresentations are sufficient to satisfy the commonality requirement.

Plaintiff argues the typicality factor is satisfied and submits evidence from Defendant's website in support of this argument. This evidence supports Plaintiff's position that Defendant made representations that the electronic cigarette "provides smokers a real 'smoking' experience without the fire, flame, tobacco, tar, carbon monoxide, ash, stub or smell found in real cigarettes."[3] (Req. for Judicial Notice, Ex. 2.) The website also states the electronic cigarette cartridges "have been toxicologically tested and . . . contain[] no known ingredients [that] are considered cancer-causing agents." (Id. at Ex. 3.) Plaintiff states the putative class members' alleged injury is purchasing Defendant's electronic cigarette based on Defendant's statements that it is a safe alternative to traditional cigarettes, when in fact the electronic cigarette actually contained toxins and carcinogens. Plaintiff's evidence that the putative class members suffered the same injury from Defendant's uniform representations is sufficient to satisfy the typicality requirement.

Plaintiff also argues the last requirement in Rule 23(a) is satisfied; specifically that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

---

[3]     The Court grants Plaintiff's request that judicial notice be taken of Exhibits 1 through 9, which are attached to Plaintiff's Request for Judicial Notice; these exhibits are printouts from Defendant's website and the Food and Drug Administration's website.

4

23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. "[T]he Court is not aware of any conflict of interest between [Plaintiff] and the proposed class members, as [Plaintiff's] interests in proving [Defendant's] alleged false advertising certainly align with those of other class members." Weiner v. Dannon Co., Inc., 255 F.R.D. 658, 667 (C.D. Cal. 2009). Plaintiff has presented evidence showing that his counsel has experience litigating class actions in state and federal courts. (Medby Dec., ¶¶ 7-8.) In addition, Plaintiff has already retained an expert to "render scientific opinions regarding the veracity or lack thereof" of Defendant's claims. (Landolph Dec., ¶ 1.) Further, Plaintiff declares he volunteered to represent the proposed class and understands that he represents the interests of all members of the class, which requires him to follow the progress of the case and possibly testify at trial. (Mathias Dec., ¶ 7.) Plaintiff has sufficiently shown that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Plaintiff has also shown that common questions of law and fact "predominate over any questions affecting only individual members" and that in light of the issues to be litigated "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The central issue is whether Defendant made misrepresentations about the presence of toxins and carcinogens in Defendant's product on which Plaintiff and the other class members relied. Accordingly, the requirement that common questions predominate over individual issues is satisfied.

1       Finally, "the likely difficulties in managing a class action"

2   are not overwhelming, since all the proposed class members are

3   California residents and the relief sought under both the UCL and CLRA

4   concerns alleged deceptive website advertisements. In re Tobacco II

5   Cases, 46 Cal. 4th 298, 327 (2009) ("[R]elief under the UCL is available

6   without individualized proof of deception, reliance and injury.");

7   Johnson v. General Mills, Inc., 275 F.R.D. 282, 287 (C.D. Cal. 2011)

8   ("[A] CLRA claim can be litigated on a classwide basis when the 'record

9   permits an inference of common reliance to the class.'").

10      For the stated reasons, Plaintiff's Motion for Class

11  Certification is granted.

12  Dated:  October 20, 2011

13

14                          _____
                            GARLAND E. BURRELL, JR.
15                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28