IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN MATHIAS, individually and  )
on behalf of other members of    )    2:09-cv-03434-GEB-JFM
the general public similarly     )
situated,                        )
                                 )    ORDER CERTIFYING CLASS[*]
            Plaintiff,           )
                                 )
     v.                          )
                                 )
SMOKING EVERYWHERE, INC., a      )
Florida Corporation,             )
                                 )
            Defendant.           )
_____

Plaintiff moves for certification of the following class under Rule 23 of the Federal Rules of Civil Procedure[2]: "All California residents who purchased any of Smoking Everywhere, Inc.'s electronic cigarette products within four years prior to [when] the . . . complaint [was filed in this case] until the date of certification." (Mot. for Class Certification ("Mot."), 5:23-25, Sept. 13, 2011; 1st Am. Compl. ("FAC"), ¶ 9.) Plaintiff argues he has satisfied the class certification prerequisites in Rule 23(a) and Rule 23(b)(3).

---

[*] This matter is deemed suitable for decision without oral argument, since the motion is unopposed and the corporate defendant is without counsel and therefore its answer has been stricken. E.D. Cal. R. 230(g).

[2] Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

1

Plaintiff alleges in his First Amended Complaint that Defendant misrepresented that electronic cigarettes are a safe alternative to traditional cigarettes, despite independent testing that revealed the presence of toxins and known carcinogens. (FAC, ¶¶ 14-19, 21-27.) Plaintiff alleges he and other California residents purchased electronic cigarettes in reliance on Defendant's false advertising and suffered damages as a result. (FAC, ¶ 29.) Plaintiff alleges that when Defendant made these misrepresentations, it violated the California Consumer Legal Remedies Act ("CLRA") prescribed in California Civil Code section 1750 et seq., and the California Unfair Business Practices Act ("UCL") prescribed in California Business and Professions Code section 17200 et seq.

> "A district court may certify a class only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> "The district court must also find that at least one of the following three conditions are satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1176 (9th Cir. 2007) (internal quotation marks and citations omitted), overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

2

1     Plaintiff argues that the numerosity requirement is satisfied
2 based on his estimate that Defendant sold up to 300,000 electronic
3 cigarette basic starter kits nationwide in 2009, which retail for $49.99
4 per kit. (Mot. 7:3-9; Medby Dec., ¶ 4.) Plaintiff contends this estimate
5 is based on Defendant's total sales of almost $15,000,000.00 in 2009,
6 which is shown in Defendant's balance sheets produced during discovery.
7 (Mot., 7:3-9; Medby Dec., Ex. 1.) Plaintiff reasons that if California
8 residents comprise only one percent of those sales, the plaintiff class
9 includes 3,000 members. (Mot., 7:6-8.) Since Plaintiff spent $250.00 for
10 his initial purchase of the device, other putative class members may
11 have spent the same amount, which would render Plaintiff's numerosity
12 estimate based on the product price of $49.99 too high. (FAC, ¶ 34.)
13 However, even if all other putative class members who purchased the
14 product in 2009 spent $250.00, Plaintiff's calculations support the
15 inference that the class contains at least 600 individuals.
16 "[Plaintiff's] allegations plainly suffice to meet the numerosity
17 requirement of Rule 23." Schwartz, 108 F.R.D. at 282.

18     Plaintiff argues the commonality factor is satisfied since the
19 class members' claims "depend upon a common contention" that they relied
20 on Defendant's false representations that its electronic cigarettes do
21 not contain toxins or carcinogens. The class members' individual claims
22 "must depend upon a common contention" such that "determination of [the
23 common contention's] truth or falsity will resolve an issue that is
24 central to the validity of each one of the claims in one stroke." Wal-
25 Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

26     Plaintiff also argues resolution of the following common
27 issues is involved with determining the validity of each class member's
28 claims: (1) whether Defendant's advertising and website represented that

3

1  electronic cigarettes are a safe alternative to traditional cigarettes
2  since they do not contain toxins or known carcinogens; (2) whether that
3  representation was material to each class member's decision to purchase
4  Defendant's products; (3) whether the representation was truthful; and
5  (4) damages. These alleged misrepresentations are sufficient to satisfy
6  the commonality requirement.

7  Plaintiff argues the typicality factor is satisfied and
8  submits evidence from Defendant's website in support of this argument.
9  This evidence supports Plaintiff's position that Defendant made
10 representations that the electronic cigarette "provides smokers a real
11 'smoking' experience without the fire, flame, tobacco, tar, carbon
12 monoxide, ash, stub or smell found in real cigarettes."[3] (Req. for
13 Judicial Notice, Ex. 2.) The website also states the electronic
14 cigarette cartridges "have been toxicologically tested and . . .
15 contain[] no known ingredients [that] are considered cancer-causing
16 agents." (Id. at Ex. 3.) Plaintiff states the putative class members'
17 alleged injury is purchasing Defendant's electronic cigarette based on
18 Defendant's statements that it is a safe alternative to traditional
19 cigarettes, when in fact the electronic cigarette actually contained
20 toxins and carcinogens. Plaintiff's evidence that the putative class
21 members suffered the same injury from Defendant's uniform
22 representations is sufficient to satisfy the typicality requirement.

23 Plaintiff also argues the last requirement in Rule 23(a) is
24 satisfied; specifically that "the representative parties will fairly and
25 adequately protect the interests of the class." Fed. R. Civ. P.

---

[3] The Court grants Plaintiff's request that judicial notice be taken of Exhibits 1 through 9, which are attached to Plaintiff's Request for Judicial Notice; these exhibits are printouts from Defendant's website and the Food and Drug Administration's website.

4

23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. "[T]he Court is not aware of any conflict of interest between [Plaintiff] and the proposed class members, as [Plaintiff's] interests in proving [Defendant's] alleged false advertising certainly align with those of other class members." Weiner v. Dannon Co., Inc., 255 F.R.D. 658, 667 (C.D. Cal. 2009). Plaintiff has presented evidence showing that his counsel has experience litigating class actions in state and federal courts. (Medby Dec., ¶¶ 7-8.) In addition, Plaintiff has already retained an expert to "render scientific opinions regarding the veracity or lack thereof" of Defendant's claims. (Landolph Dec., ¶ 1.) Further, Plaintiff declares he volunteered to represent the proposed class and understands that he represents the interests of all members of the class, which requires him to follow the progress of the case and possibly testify at trial. (Mathias Dec., ¶ 7.) Plaintiff has sufficiently shown that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Plaintiff has also shown that common questions of law and fact "predominate over any questions affecting only individual members" and that in light of the issues to be litigated "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The central issue is whether Defendant made misrepresentations about the presence of toxins and carcinogens in Defendant's product on which Plaintiff and the other class members relied. Accordingly, the requirement that common questions predominate over individual issues is satisfied.

Finally, "the likely difficulties in managing a class action" are not overwhelming, since all the proposed class members are California residents and the relief sought under both the UCL and CLRA concerns alleged deceptive website advertisements. In re Tobacco II Cases, 46 Cal. 4th 298, 327 (2009) ("[R]elief under the UCL is available without individualized proof of deception, reliance and injury."); Johnson v. General Mills, Inc., 275 F.R.D. 282, 287 (C.D. Cal. 2011) ("[A] CLRA claim can be litigated on a classwide basis when the 'record permits an inference of common reliance to the class.'").

For the stated reasons, Plaintiff's Motion for Class Certification is granted.

Dated: October 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge