IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
RYAN MATHIAS, individually, and    )
on behalf of other members of      )   2:09-cv-03434-GEB-JFM
the general public similarly       )
situated,                          )
                                   )   ORDER TO SHOW CAUSE AND
              Plaintiff,           )   CONTINUING STATUS (PRETRIAL
                                   )   SCHEDULING) CONFERENCE
         v.                        )
                                   )
SMOKING EVERYWHERE, INC., a        )
Florida corporation,               )
                                   )
              Defendant.           )
_____   )
```

The September 15, 2011 Order Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on June 11, 2012, and required Plaintiff to file a status report no later than fourteen (14) days prior to the scheduling conference, in which Plaintiff was required to "explain the status of the default proceedings[.]" (ECF No. 41, 2:1-7.) The September 15, 2011 Order notified Plaintiff that "if a default judgment motion [was] not then resolved, Plaintiff shall . . . explain why this action should not be dismissed for failure to prosecute." Id. No status report was filed as ordered, and a review of the docket indicates that no default proceedings have been filed since Defendant's Answer was stricken in an order filed July 22, 2011. (ECF No. 35, 3:27-28.)

1

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than June 11, 2012, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on July 9, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference, in which Plaintiff shall address why this action should not be dismissed under Federal Rule of Civil Procedure ("Rule") 41(b) for failure of prosecution and/or failure to follow a court order.

**Plaintiff is warned that failing to respond to this OSC and/or failing to file a timely status report may result in dismissal of this action with prejudice under Rule 41(b) for failure of prosecution and/or failure to follow a court order.**

IT IS SO ORDERED.

Dated: June 5, 2012

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2